UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                          :
THOMAS FIELDS,                            :
                          Plaintiff,      :
                                          :    10 Civ. 5834 (JPO)
                                          :
            -v-                           :    ORDER ADOPTING
                                          :    REPORT AND
DOWNSTATE CORRECTIONAL FACILITY, et :          RECOMMENDATION
al.,                                      :
                          Defendants.     :
                                          X
------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 0 1 2013

J. PAUL OETKEN, District Judge:

In this prisoner civil rights action pursuant to 42 U.S.C. § 1983, Plaintiff Thomas Fields alleges that Defendants, Downstate Correctional Facility, the New York State Department of Corrections and Community Supervision ("DOCCS"), and correctional officer K. Wolf, failed to prevent another inmate from assaulting him, thus violating his constitutional rights. (*See* Complaint, Dkt. No. 2 ("Compl.").) Defendants moved to dismiss, or in the alternative, for summary judgment, based on a failure to exhaust administrative remedies. For the reasons stated below, Judge Frank Maas' Report and Recommendation of December 20, 2012 is adopted in its entirety and summary judgment is granted in favor of the remaining Defendant.

I.  **Procedural Posture**

Plaintiff filed the Complaint in this case in July 2010. Defendants moved to dismiss the action, or in the alternative, for summary judgment, on January 1, 2011. (Motion to Dismiss, or in the alternative, Motion for Summary Judgment, Dkt. No. 8.) On February 1, 2011, in a telephone conference, Judge Colleen McMahon, who originally presided over this case, dismissed Downstate Correctional Facility and DOCCS as defendants, but denied the motion as

1

to Officer Wolf. Judge McMahon then referred the case to the Honorable Frank Maas for a report and recommendation on whether Fields had exhausted his administrative remedies associated with the claims against Officer Wolf.

Judge Maas held an evidentiary hearing on the exhaustion issue and the parties also submitted post-hearing briefs on the matter. (*See* Plaintiff Thomas Fields' Post-Hearing Brief, Dkt. No. 27; Memorandum of Law in Support of Motion to Dismiss, Dkt. No. 30.) The case was reassigned to me shortly before the aforementioned October 2011 evidentiary hearing occurred. (Notice of Case Reassignment, Dkt. No. 24.) Judge Maas issued his Report and Recommendation in this case on December 20, 2012. (*See* Report and Recommendation, Dkt. No. 46 ("R&R").) By the terms of Judge Maas' R&R, the parties were to file any objections to the findings or conclusions by January 7, 2013. To date, neither party has filed an objection to the R&R.

## II.   Discussion

"Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *accord Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Thus, where, as here, the parties do not object to the Magistrate Judge's R&R, we review the findings for clear error. *See, e.g., Jeffries v. Verizon*, No. 10 Civ. 2686, 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012) ("[B]ecause the failure to file timely objections is not jurisdictional, the district judge can still

excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error.").

In the R&R, Judge Maas carefully reviewed the record, finding that Fields' claim that he filed a grievance was not credible, whereas other testimony regarding the "access of inmates to the grievance process at Downstate [was] entirely credible." (R&R at 13.) Additionally, Judge Maas found that Fields "failed to demonstrate that Officer Wolf personally impeded his ability to file a grievance," meaning that Officer Wolf could not legitimately be estopped from raising a failure-to-exhaust defense. (*Id.*) Moreover, Judge Maas noted that no special circumstances justified Fields' "failure to appeal after receiving no response to the grievance he allegedly thought he had filed." (*Id.* at 13-14.)

### III. Conclusion

IT IS ORDERED that the R&R of December 20, 2012 is adopted in its entirety, and Defendants' motion for summary judgment is granted with respect to the remaining defendant, Officer Wolf.

SO ORDERED.

Dated: New York, New York
March 1, 2013

J. PAUL OETKEN
United States District Judge

3